IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:03-CR-38 |
| | § | |
| CEDRIC DWAYNE MASON | § | |

# REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed April 18, 2013, alleging that the Defendant, Cedric Dwayne Mason, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

The Defendant was sentenced on June 29, 2004, before the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute 5 grams or more but less than 50 grams of cocaine base, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of IV, was 110 to 137 months. The Defendant was sentenced to 137 months' imprisonment, followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include: access to financial information, drug treatment, and 120 days of community confinement.

## II. The Period of Supervision

On August 25, 2005, the Defendant's sentence was reduced to 92 months' imprisonment, four years supervised release, and a $100 special assessment, plus the following special conditions: financial information, drug treatment, and 120 days community confinement. On May 22, 2008, the Defendant's sentence was again reduced to 76 months' imprisonment, four years' supervised release, and a $100 special assessment with the same special conditions. The Defendant completed his period of imprisonment on June 8, 2011 and began his term of supervised release. On September 26, 2011, a petition was filed with the Court alleging use/possession of opiates; however, the Court concurred with the recommendation by the probation officer for no action to be taken and allowed the Defendant to continue in drug treatment.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision on April 18, 2013 alleging two violations of a mandatory condition: the Defendant tested positive for opiates and marijuana, both controlled substances after submitting a urine specimen to his probation officer on March 5, 2013.

## IV. Proceedings

On May 29, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first

allegation, which asserted that he violated a mandatory condition of supervised release, to wit: the Defendant shall not unlawfully possess or use a controlled substance.

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of seven (7) months' imprisonment with no supervised release to be imposed after release.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by using a controlled substance, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment is at least one month but not more than six months, the minimum term may be satisfied by: (A) a sentence of

imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by using a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is IV. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by repeatedly using controlled substances. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of seven (7) months' imprisonment with no supervised release to follow.

## VII. Recommendations

1. The Court should find that the Defendant violated a mandatory condition of supervised release by using a controlled substance.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of seven (7) months.

4. The Defendant has requested to serve his term of imprisonment at the Houston Federal Correctional Complex (FCC) in downtown Houston, Texas to facilitate family visitation. The Court should recommend this facility if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the

recommended sentence. Therefore, the Court may act on the report and recommendation immediately.

SIGNED this 11th day of June, 2013.

_____
Zack Hawthorn
United States Magistrate Judge